IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

|  |  |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MYLAN PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 19-201-TSK<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] FINAL JUDGMENT REGARDING U.S. PATENT NO. 8,101,659**

**WHEREAS** Defendant Mylan Pharmaceuticals, Inc. ("Defendant") has submitted Abbreviated New Drug Application ("ANDA") No. 213646 to the FDA seeking approval for generic versions of Plaintiff Novartis Pharmaceuticals Corporation's ("Plaintiff's") Entresto® (sacubitril and valsartan) 24/26 mg, 49/51 mg, and 97/103 mg products;

**WHEREAS** the above captioned action was transferred to the District of Delaware Court on March 27, 2020, pursuant to Plaintiff's Multidistrict litigation ("MDL") motion for coordinated and consolidated pretrial proceedings with other defendants based on the other defendants' respective submissions of ANDAs for sacubitril/valsartan tablets (MDL No. 20-2930-RGA, D.I. 1);

**WHEREAS** the District of Delaware Court construed certain terms in the claims of U.S. Patent No. 8,101,659 ("'659 patent") in a Memorandum Opinion and Order dated July 8, 2021 (MDL No. 20-2930-RGA, D.I. 294, 295) ("Claim Construction Order");

**WHEREAS** in light of the Claim Construction Order, Defendant stipulated that the filing of ANDA No. 213646 infringed each of claims 1-4 of the '659 patent, and that the products

1

described in ANDA No. 213646, if approved by FDA, would infringe each of claims 1-4 of the '659 patent, but only if those claims are not found to be invalid (i.e., the claims remain valid) (C.A. No. 19-201-TSK, D.I. 83 at ¶ 1) ("Stipulation"), subject to the terms of the Stipulation;

**WHEREAS** the District of Delaware Court held trial on the merits in C.A. Nos. 19-1979-RGA, 19-2021-RGA, and 19-2053-RGA, consolidated under MDL No. 20-2930-RGA (the "Related Actions"), to decide whether claims 1-4 of the '659 patent are invalid (i) as obvious under 35 U.S.C. § 103, (ii) for lack of enablement under 35 U.S.C. § 112, (iii) for lack of written description under 35 U.S.C. § 112, and/or (iv) as indefinite under 35 U.S.C. § 112;

**WHEREAS** the District of Delaware Court's Trial Opinion dated July 7, 2023 (MDL No. 20-2930-RGA, D.I. 1099), held in favor of Plaintiff and against defendants in the Related Actions that claims 1-4 of the '659 patent were not proven to be invalid: (i) as obvious under 35 U.S.C. § 103; (ii) for lack of enablement under 35 U.S.C. § 112; and (iii) as indefinite under 35 U.S.C. § 112; and held in favor of defendants in the Related Actions and against Plaintiff that claims 1-4 of the '659 patent were proven to be invalid for lack of written description under 35 U.S.C. § 112; and therefore, the claims are invalid;

**WHEREAS**, pursuant to the Stipulation, Plaintiff and Defendant agreed to be bound by the final judgment in the Related Actions as to the validity or invalidity of the asserted claims of the '659 patent as if Defendant Mylan had fully participated in the Related Actions (C.A. No. 19-201-TSK, D.I. 83 at ¶¶ 10-11); and

**WHEREAS**, pursuant to the Stipulation, notwithstanding Defendant's pending defenses and counterclaims related to the validity or invalidity of U.S. Patent No. 8,877,938 and 9,388,134, Plaintiff and Defendant agree under Fed. R. Civ. P. 54(b) that the Court may direct entry of a final judgment as to the parties' claims and counterclaims related to the '659 patent

because there is no just reason for delay, that such final judgment is immediately appealable (*Id.* at ¶ 11);

**IT IS ORDERED** that pursuant to Fed. R. Civ. P. 54(b), there is not just reason to delay entry of a final judgment as to Plaintiff's claims and Defendant's counterclaims related to the '659 patent; and it is further

**ORDERED** that the Stipulation (C.A. No. 19-201-TSK, D.I. 83), as pertaining to the '659 patent, is incorporated into this Final Judgment, and that, pursuant to the Stipulation and as limited by the Stipulation, and subject to the outcome of any appeal, and to the extent that claims 1-4 of the '659 patent are valid, Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54(b) in favor of Plaintiff and against Defendant that the filing of ANDA No. 213646 infringed each of claims 1-4 of the '659 patent, and that the products described in Defendant's ANDA No. 213646, if approved by FDA, would infringe each of claims 1-4 of the '659 patent; and it is further

**ORDERED AND ADJUDGED**, for the reasons set forth in the District of Delaware Court's Trial Opinion dated July 7, 2023 (MDL No. 20-2930-RGA, D.I. 1099), that Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54(b) in favor of Plaintiff and against Defendant, that claims 1-4 of the '659 patent were not proven to be invalid: (i) as obvious under 35 U.S.C. § 103; (ii) for lack of enablement under 35 U.S.C. § 112; or (iii) as indefinite under 35 U.S.C. § 112; and it is further

**ORDERED AND ADJUDGED**, for the reasons set forth in the District of Delaware Court's July 7, 2023 Trial Opinion, that Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54(b) in favor of Defendant and against Plaintiff, that claims 1-4 of the '659 patent are invalid for lack of written description under 35 U.S.C. § 112; and it is further

**ORDERED** that all interlocutory decisions, orders, rulings, findings, and/or conclusions related to the '659 patent, including the Claim Construction Order, merge into this Final Judgment and are appealable; and it is further

**ORDERED** that Plaintiff and Defendant agree that any and all appeals from this judgment in this action should be consolidated with any and all appeals of the final judgment in the Related Actions related to the '659 patent, such that there shall be a single appeal; and it is further

**ORDERED** that each party shall bear its own costs and fees.

Dated this ___ day of _____, 2023            _____

                                                                                       Honorable Thomas S. Kleeh
                                                                                       United States District Court Judge